Case 2:20-cv-01449-DJH   Document 1-1   Filed 07/22/20   Page 1 of 18

Clerk of the Superior Court
*** Electronically Filed ***
M. King, Deputy
6/23/2020 2:10:00 PM
Filing ID 11760677

**SHIELDS PETITTI, PLC**
**Michael J. Petitti, Jr. – 011667**
**Paige C. Pataky – 029951**
**5090 N. 40th Street, Suite 207**
**Phoenix, Arizona 85018**
**Telephone: (602) 718-3330**
**Facsimile: (602) 675-2356**
**E-Mail: mjp@shieldspetitti.com**
**E-Mail: pcp@shieldspetitti.com**

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| NICHOLE GROFF,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WALLICK & VOLK, INC., a Wyoming corporation doing business in Arizona,<br><br>　　　　　Defendant. | No. CV2020-005728<br><br>**WAIVER OF SERVICE OF SUMMONS RE: DEFENDANT WALLICK & VOLK, INC.** |

　　　TO:　**Wallick & Volk, Inc.**
　　　　　　c/o Pamela Kingsley
　　　　　　Tiffany & Bosco, P.A.
　　　　　　2525 E Camelback Rd., 7th Floor
　　　　　　Phoenix, AZ 85016
　　　　　　plk@tblaw.com

　　　I acknowledge receipt of your request that I waive service of a summons in the action of *Nichole Groff v. Wallick & Volk, Inc.*, which is case number CV2020-005128 in the

1139897.1

**EXHIBIT A**

Superior Court of the State of Arizona in and for the County of Maricopa. I also have received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that the entity on whose behalf I am acting be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.[1]

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

---

[1] Rule 4.1 and Rule 4.2 of the Arizona Rules of Civil Procedure require certain parties to cooperate in saving unnecessary costs of service of the summons and a pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons) and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

1139897.1

I understand that an answer or motion under Rule 12 is to be served upon Plaintiff within sixty (60) days after June 12, 2020, or within ninety (90) days after that date if the request was sent outside the United States.

Dated this 23rd day of June, 2020.

/s/ Pamela L. Kingsley
Pamela Kingsley
Counsel for Defendant

1139897.1

SHIELDS PETITTI, PLC
Michael J. Petitti, Jr. – 011667
Paige C. Pataky – 029951
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Telephone: (602) 718-3330
Facsimile: (602) 675-2356
E-Mail: mjp@shieldspetitti.com
E-Mail: pcp@shieldspetitti.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| NICHOLE GROFF,<br><br>                    Plaintiff,<br><br>v.<br><br>WALLICK & VOLK, INC., a Wyoming corporation doing business in Arizona,<br><br>                    Defendant. | No. CV2020-005728<br><br>**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE** |

TO:   **WALLICK & VOLK, INC.**
      **C/O PAMELA KINGSLEY**
      **COUNSEL FOR DEFENDANT**

   A lawsuit has been commenced against the above-referenced Defendant. A copy of the Complaint ("the Complaint") is attached to this Notice. The Complaint has been filed in the Superior Court for the State of Arizona in and for the County of Maricopa and has been assigned case number CV2020-005728.

1139899.1

This is not a formal summons or notification from the Court, but rather my request that you sign and return the enclosed Waiver of Service on behalf of Defendant in order to save the cost of serving Defendant with a judicial summons and an additional copy of the Complaint. The cost of service will be avoided if I receive a signed copy of the Waiver within thirty (30) days after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Service of Summons is sent. I enclosed a stamped and addressed envelope for your use. An extra copy of the Waiver of Service is also attached for your records.

If you comply with this request and return the signed Waiver of Service, the Waiver will be filed with the Court and no summons will be served on Defendant. The action will then proceed as if Defendant had been served on the date the Waiver is filed, and Defendant will be required to answer or otherwise respond to the Complaint within sixty (60) days from the date designated below as the date on which this notice is sent (or within ninety (90) days from that date if your address is not in any judicial district of the United States).

If I do not receive the signed Waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the *Arizona Rules of Civil Procedure* and then, to the extent authorized by those Rules, I will ask the Court to require Defendant to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to avoid unnecessary costs of service of summons, which is set forth at the foot of the enclosed "Waiver of Service of Summons" form.

I affirm that this Notice of Lawsuit and Request for Waiver of Service of Summons is being sent to you on behalf of the Defendant on the date indicated below.

1139899.1

NOTICE AND REQUEST SENT this 12th day of June, 2020.

SHIELDS PETITTI, PLC

By _____
Michael J. Petitti, Jr.
Paige C. Pataky
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
*Attorneys for Plaintiff*

Copy of the foregoing emailed on this 25th day of June, 2020 to:

Pamela Kingsley
Tiffany & Bosco, P.A.
2525 E Camelback Rd., 7th Floor
Phoenix, AZ 85016
plk@tblaw.com

Melinda S. McCorkle (pro hac vice forthcoming)
McCorkle Law
P.O. Box 1926, Cheyenne, WY 82003
melinda@kmplaw.net


/s/ Lisa Harnack

1139899.1



COPY

MAY 1 3 2020

CLERK OF THE SUPERIOR COURT
S. MONTUORI
DEPUTY CLERK

Michael J. Petitti, Jr. – 011667
Paige C. Pataky – 029951
**SHIELDS PETITTI, PLC**
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Telephone: (602) 718-3330
Facsimile: (602) 675-2356
E-Mail: mjp@shieldspetitti.com
E-Mail: pcp@shieldspetitti.com

Attorneys for Plaintiff Nichole Groff

**SUPERIOR COURT OF THE STATE OF ARIZONA**

**COUNTY OF MARICOPA**

| | |
|---|---|
| Nichole Groff,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Wallick & Volk, Inc., a Wyoming corporation doing business in Arizona,<br><br>　　　　Defendant. | No. CV2020-005728<br><br>**COMPLAINT** |

Plaintiff Nicole Groff ("Plaintiff") for her cause of action against Defendant Wallick & Volk, Inc. ("Defendant" or "WV") alleges:

**GENERAL ALLEGATIONS**

**(Parties and Jurisdiction)**

1. Plaintiff is a resident of Maricopa County, Arizona and was a resident of Maricopa County during all relevant times.

2. Defendant is a Wyoming corporation registered with the Arizona Corporation Commission to perform banking/finance services in the State of Arizona and operates several branches in Arizona, including offices in Glendale, Mesa and Scottsdale in Maricopa County.

3. Defendant has committed actions and caused events to occur in Maricopa County, Arizona, which are the foundation of this action and out of which this action arises.

1137934.1

Accordingly, jurisdiction and venue are proper in this Court.

**(Assignment of Tier)**

4. Pursuant to Rule 26.2 of the *Arizona Rules of Civil Procedure*, this case should be assigned to Tier 3 due to the amount of damages.

**(Nature of Action)**

5. This is an action brought by Plaintiff to indicate violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

**(Jury Demand)**

6. Pursuant to Rule 38 of the *Arizona Rules of Civil Procedure*, Plaintiff demands a jury trial.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

7. Plaintiff was employed by Defendant for over 15 years. She began as a Mortgage Originator in the Flagstaff, Arizona office and eventually became an officer of the company with her own team of employees. At the time she was terminated, she was Chief Marketing & Business Development Officer. She reported directly to the President, CEO and Chairman.

8. At all times, Plaintiff performed with competence and distinction and to Defendant's benefit. In fact, Plaintiff received awards and industry recognition for her performance.

9. Despite her exemplary performance and long tenure, she experienced different and discriminatory treatment compared to similarly situated male employees in the terms and conditions of her employment, including, but not limited to, promotions, benefits and severance compared to male executive-level employees.

10. On two occasions in mid-2018, Plaintiff reported inappropriate sexual conduct on the part of WV CEO R. Michael Groff. The inappropriate conduct had been brought to Plaintiff's attention by other WV employees.

2

1137934.1

11. First, on May 3, 2018, Plaintiff reported to Steve Carver, Defendant's CFO, that Mr. Groff propositioned a married former employee during a WV event in Texas and subsequently exchanged explicit text messages with her. The ex-employee's former boss, a current WV branch manager, told Plaintiff that she was horrified that Defendant's CEO would act so inappropriately at a company event.

12. At another company event on June 30, 2018, a WV employee disclosed to Plaintiff that Mr. Groff had made inappropriate advances and sent sexually suggestive text messages to another employee at her branch over the course of several months in late 2017 and into 2018. This employee also witnessed Mr. Groff inappropriately touch the employee during a work function. The employee confided in Plaintiff that she was afraid to report the inappropriate conduct to anyone else for fear of retaliation.

13. At the same company event, Plaintiff witnessed WV Board Member and Branch Manager, Jim Roush, inappropriately touching and making sexual advances toward two WV loan originators. Plaintiff reprimanded Mr. Roush for his inappropriate and unprofessional conduct. She also reported the incident as well as the two (2) incidents involving Mr. Groff to Brian Rogerson, WV President. As an officer the company, Plaintiff felt it was her duty to report these concerns.

14. Shortly after Plaintiff reported her good faith concerns about sexual harassment of employees and former employees, she was denied a promotion that had been promised. Instead, the company promoted a less qualified male peer. In addition, her role and responsibilities were reduced and her pay was restructured in a way that substantially reduced her overall compensation.

15. On September 17, 2018, Plaintiff was forced to resign in lieu of termination.

16. Mr. Rogerson informed Plaintiff that she had 15 minutes to offer a letter of resignation or else she would be terminated. She was told that she would later receive a

3

1137934.1

severance package. Instead of receiving a formal package, Plaintiff received an email offering to pay her a lump sum significantly less than what had been offered to a male executive who resigned. The offer also included oppressive and what she was told were non-negotiable terms, including several three (3) year restrictive covenants. Also, unlike the male executive, WV refused to pay the bonuses Plaintiff had earned and was told she would be paid.

17. On April 18, 2018, Plaintiff timely filed a charge of sex and retaliation discrimination with the Equal Employment Opportunity Commission ("EEOC").

18. The EEOC issued its Notice of Right to Sue thereafter. (A copy of the Notice is attached and incorporated as Exhibit 1.)

19. Plaintiff is damaged by the wrongful acts of Defendant and its agents herein alleged, which damage includes, without limitation, the following:

   a. lost salary and employment benefits due Plaintiff at the time of her discharge and since her discharge, including damages related to ongoing commissions;

   b. injury to Plaintiff's reputation and long-term employment and career possibilities and income potential flowing from the discriminatory and wrongful conduct by Defendant and its agents from the period of underemployment she experienced since Defendant's illegal conduct; and

   c. injury from humiliation, trauma, extreme stress, depression and physical and mental pain and anguish.

20. The willful and wanton misconduct on the part of Defendant is such that it justifies an award of punitive damages.

21. All prerequisites to Plaintiff filing suit have been met.

22. All allegations of this Complaint are incorporated into each claim for relief in this

4

1137934.1

Complaint.

**FIRST CLAIM FOR RELIEF**
**(Disparate Treatment in Violation of Title VII)**

23. Plaintiff is a member of a protected class (female). The acts and conduct of Defendant, as alleged above, were in violation of Title VII. Defendant intentionally discriminated against Plaintiff based on her gender. Similarly situated male employees were treated more favorably than Plaintiff in the terms and conditions of their employment.

24. Plaintiff timely filed a charge of sex discrimination, sexual harassment and retaliation. The EEOC issued its Notice of Right to Sue thereafter. (Exhibit 1).

25. Plaintiff is damaged by Defendant's violations of Title VII as hereinabove alleged or as proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Retaliation in Violation of Title VII)**

26. Defendant intentionally, knowingly and maliciously, or in the alternative, in reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff after she reported her good faith concerns of sexual harassment by certain members of its executive team.

27. As a proximate result of Defendant's wrongful conduct, Plaintiff has been damaged as alleged herein or as proven at trial.

WHEREFORE, Plaintiff requests judgment in her favor and against Defendant as follows:

A. For all injunctive and declaratory relief necessary, including a declaration that Defendant's conduct violated Title VII and enjoining Defendant from conduct violating Plaintiff's rights;

B. For actual, consequential and incidental damages as alleged herein or as proven at

5

1137934.1

trial;

C. For punitive damages;

D. For Plaintiff's attorneys' fees and costs incurred in this matter pursuant to Title VII and any other applicable statute, rule or regulation;

E. For interest on each element of damage, cost or attorneys' fees at the highest legal rate from the date of such damage, cost or attorneys' fees was incurred until paid; and

F. For such other and further relief as the Court deems just and proper.

DATED this 13th day of May, 2020.

SHIELDS PETITTI, PLC

By _____
Michael J. Petitti, Jr.
Paige C. Pataky
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Attorneys for Plaintiff Nichole Groff

6

1137934.1





MAY 1 3 2020

CLERK OF THE SUPERIOR COURT
S. MONTUORI
DEPUTY CLERK

Michael J. Petitti, Jr. – 011667
Paige C. Pataky – 029951
**SHIELDS PETITTI, PLC**
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Telephone: (602) 718-3330
Facsimile: (602) 675-2356
E-Mail: mjp@shieldspetitti.com
E-Mail: pcp@shieldspetitti.com

Attorneys for Plaintiff Nichole Groff

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| Nichole Groff,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Wallick & Volk, Inc., a Wyoming corporation doing business in Arizona,<br><br>　　　　　Defendant. | No. CV2020-005728<br><br>**COMPLAINT** |

Plaintiff Nicole Groff ("Plaintiff") for her cause of action against Defendant Wallick & Volk, Inc. ("Defendant" or "WV") alleges:

### GENERAL ALLEGATIONS

### (Parties and Jurisdiction)

1. Plaintiff is a resident of Maricopa County, Arizona and was a resident of Maricopa County during all relevant times.

2. Defendant is a Wyoming corporation registered with the Arizona Corporation Commission to perform banking/finance services in the State of Arizona and operates several branches in Arizona, including offices in Glendale, Mesa and Scottsdale in Maricopa County.

3. Defendant has committed actions and caused events to occur in Maricopa County, Arizona, which are the foundation of this action and out of which this action arises.

1137934.1

Accordingly, jurisdiction and venue are proper in this Court.

**(Assignment of Tier)**

4.  Pursuant to Rule 26.2 of the *Arizona Rules of Civil Procedure*, this case should be assigned to Tier 3 due to the amount of damages.

**(Nature of Action)**

5.  This is an action brought by Plaintiff to indicate violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

**(Jury Demand)**

6.  Pursuant to Rule 38 of the *Arizona Rules of Civil Procedure*, Plaintiff demands a jury trial.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

7.  Plaintiff was employed by Defendant for over 15 years. She began as a Mortgage Originator in the Flagstaff, Arizona office and eventually became an officer of the company with her own team of employees. At the time she was terminated, she was Chief Marketing & Business Development Officer. She reported directly to the President, CEO and Chairman.

8.  At all times, Plaintiff performed with competence and distinction and to Defendant's benefit. In fact, Plaintiff received awards and industry recognition for her performance.

9.  Despite her exemplary performance and long tenure, she experienced different and discriminatory treatment compared to similarly situated male employees in the terms and conditions of her employment, including, but not limited to, promotions, benefits and severance compared to male executive-level employees.

10. On two occasions in mid-2018, Plaintiff reported inappropriate sexual conduct on the part of WV CEO R. Michael Groff. The inappropriate conduct had been brought to Plaintiff's attention by other WV employees.

2

1137934.1

11.    First, on May 3, 2018, Plaintiff reported to Steve Carver, Defendant's CFO, that Mr. Groff propositioned a married former employee during a WV event in Texas and subsequently exchanged explicit text messages with her. The ex-employee's former boss, a current WV branch manager, told Plaintiff that she was horrified that Defendant's CEO would act so inappropriately at a company event.

12.    At another company event on June 30, 2018, a WV employee disclosed to Plaintiff that Mr. Groff had made inappropriate advances and sent sexually suggestive text messages to another employee at her branch over the course of several months in late 2017 and into 2018. This employee also witnessed Mr. Groff inappropriately touch the employee during a work function. The employee confided in Plaintiff that she was afraid to report the inappropriate conduct to anyone else for fear of retaliation.

13.    At the same company event, Plaintiff witnessed WV Board Member and Branch Manager, Jim Roush, inappropriately touching and making sexual advances toward two WV loan originators. Plaintiff reprimanded Mr. Roush for his inappropriate and unprofessional conduct. She also reported the incident as well as the two (2) incidents involving Mr. Groff to Brian Rogerson, WV President. As an officer the company, Plaintiff felt it was her duty to report these concerns.

14.    Shortly after Plaintiff reported her good faith concerns about sexual harassment of employees and former employees, she was denied a promotion that had been promised. Instead, the company promoted a less qualified male peer. In addition, her role and responsibilities were reduced and her pay was restructured in a way that substantially reduced her overall compensation.

15.    On September 17, 2018, Plaintiff was forced to resign in lieu of termination.

16.    Mr. Rogerson informed Plaintiff that she had 15 minutes to offer a letter of resignation or else she would be terminated. She was told that she would later receive a

severance package. Instead of receiving a formal package, Plaintiff received an email offering to pay her a lump sum significantly less than what had been offered to a male executive who resigned. The offer also included oppressive and what she was told were non-negotiable terms, including several three (3) year restrictive covenants. Also, unlike the male executive, WV refused to pay the bonuses Plaintiff had earned and was told she would be paid.

17. On April 18, 2018, Plaintiff timely filed a charge of sex and retaliation discrimination with the Equal Employment Opportunity Commission ("EEOC").

18. The EEOC issued its Notice of Right to Sue thereafter. (A copy of the Notice is attached and incorporated as Exhibit 1.)

19. Plaintiff is damaged by the wrongful acts of Defendant and its agents herein alleged, which damage includes, without limitation, the following:

   a. lost salary and employment benefits due Plaintiff at the time of her discharge and since her discharge, including damages related to ongoing commissions;

   b. injury to Plaintiff's reputation and long-term employment and career possibilities and income potential flowing from the discriminatory and wrongful conduct by Defendant and its agents from the period of underemployment she experienced since Defendant's illegal conduct; and

   c. injury from humiliation, trauma, extreme stress, depression and physical and mental pain and anguish.

20. The willful and wanton misconduct on the part of Defendant is such that it justifies an award of punitive damages.

21. All prerequisites to Plaintiff filing suit have been met.

22. All allegations of this Complaint are incorporated into each claim for relief in this

4

1137934.1

Complaint.

## FIRST CLAIM FOR RELIEF
### (Disparate Treatment in Violation of Title VII)

23. Plaintiff is a member of a protected class (female). The acts and conduct of Defendant, as alleged above, were in violation of Title VII. Defendant intentionally discriminated against Plaintiff based on her gender. Similarly situated male employees were treated more favorably than Plaintiff in the terms and conditions of their employment.

24. Plaintiff timely filed a charge of sex discrimination, sexual harassment and retaliation. The EEOC issued its Notice of Right to Sue thereafter. (Exhibit 1).

25. Plaintiff is damaged by Defendant's violations of Title VII as hereinabove alleged or as proven at trial.

## SECOND CLAIM FOR RELIEF
### (Retaliation in Violation of Title VII)

26. Defendant intentionally, knowingly and maliciously, or in the alternative, in reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff after she reported her good faith concerns of sexual harassment by certain members of its executive team.

27. As a proximate result of Defendant's wrongful conduct, Plaintiff has been damaged as alleged herein or as proven at trial.

WHEREFORE, Plaintiff requests judgment in her favor and against Defendant as follows:

A. For all injunctive and declaratory relief necessary, including a declaration that Defendant's conduct violated Title VII and enjoining Defendant from conduct violating Plaintiff's rights;

B. For actual, consequential and incidental damages as alleged herein or as proven at

5

1137934.1

trial;

C. For punitive damages;

D. For Plaintiff's attorneys' fees and costs incurred in this matter pursuant to Title VII and any other applicable statute, rule or regulation;

E. For interest on each element of damage, cost or attorneys' fees at the highest legal rate from the date of such damage, cost or attorneys' fees was incurred until paid; and

F. For such other and further relief as the Court deems just and proper.

DATED this 13th day of May, 2020.

SHIELDS PETITTI, PLC

By _____
Michael J. Petitti, Jr.
Paige C. Pataky
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Attorneys for Plaintiff Nichole Groff

1137934.1

6